IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEITH A. FOX,**<br><br>                              Plaintiff,<br><br>       v.<br><br>**ASHTON B. CARTER, Secretary of Defense,**<br><br>                              Defendant. | 1:16-cv-00223 DAD MJS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT** |

### I.     Screening Requirement and Standard

Plaintiff Keith Fox ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action against Defendant Ashton Carter, Secretary of Defense ("Defendant"). Plaintiff initiated this action on February 18, 2016, and the Court granted Petitioner's request to proceed in forma pauperis on March 1, 2016. (Docs. 1, 3.)

The Court is required to screen complaints brought by *pro se* plaintiffs proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff's allegations are cursory. He states that he "was wrongfully terminated" and requests "back pay, job reinstatement, and damages." (Compl., ECF No. 1, at 5-6.) He claims the amount in controversy is "back pay damages over $75,000." (Compl., ECF No. 1.) That is the extent of the allegations in the complaint.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. The Court recommends he be given leave to amend. To assist him in the event he chooses to amend, the Court outlines below the pleading and legal standards applicable to the types of claims it appears he wishes to assert.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556-557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but contains insufficient factual allegations to state a claim for relief. It lacks such fundamental and important details as the nature of the work he was terminated from, who terminated him, how Defendant is thought to be liable for the termination, when he was terminated, where he was employed, and why the termination was wrongful. Absent such information, the Court cannot determine whether Plaintiff states a cognizable claim or whether it has jurisdiction over Plaintiff's claims.

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations & quotation marks omitted). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted). Here, the claims are so cursory that the Court cannot determine whether the claims may be cured by amendment. Accordingly, the Court recommends that the claim be dismissed without prejudice to provide Plaintiff the opportunity to state the claims with sufficient particularity.

**B.    Title VII — Employment Discrimination**

To the extent Plaintiff is pursuing a discrimination action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et seq, or some other basis for wrongful termination, he must establish federal subject matter jurisdiction. See Cerrato v. San

3

Francisco Community College Dist., 26 F.3d 968, 976 (9th Cir. 2009) (Congress has abrogated Eleventh Amendment immunity with respect to Title VII claims). To establish such jurisdiction for a Title VII claim, a plaintiff must exhaust his remedies by filing an administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before commencing an action in federal court. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001). Plaintiff has made no indication in his complaint that he has complied with the exhaustion requirement.

### C.  State Law — Wrongful Termination and Negligence

Insofar as Plaintiff seeks to bring a state law action for wrongful termination in violation of public policy, he may not do so. Such claims against a federal agency are barred pursuant to California Government Code section 815, which grants immunity to public entities unless otherwise provided for by statute, because there is no express statutory authority allowing for public entity liability. See Cal. Gov't Code § 815(a); see also Haack v. California Dep't of Corr. and Rehab., 2012 U.S. Dist. LEXIS 21556, 2012 WL 570353, *4-5 (E.D. Cal. Feb. 21, 2012) (plaintiff could not maintain claim for wrongful termination in violation of public policy against state agency); Moore v. California Dep't of Corr. and Rehab., 2011 U.S. Dist. LEXIS 62852, 2011 WL 2433355, *8-9 (E.D. Cal. Jun. 13, 2011) (same); Scott v. Solano Cnty. Health and Soc. Servs. Dep't, 2008 U.S. Dist. LEXIS 75757, 2008 WL 3835267, *18 (E.D. Cal. Aug. 15, 2008) (same).

To the extent that Plaintiff seeks to pursue tort claims under California law for negligence, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09, 64 Cal. Rptr. 3d 210, 164 P.3d 630 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal. 4th 1234, 1239, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th

Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege such compliance or any facts excusing such compliance.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff is proceeding pro se, the Court will provide him with an opportunity to amend his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**V.     Recommendation**

Accordingly, it is hereby recommended that the dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim. However, it is further recommended that Plaintiff be provided leave to file an amended complaint.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     August 25, 2016                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE