UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ANDERSON FOX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HONORABLE ASHTON B. CARTER,<br><br>　　　　　Defendant. | CASE NO. 1:16-cv-00223-DAD-MJS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 7)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Keith Anderson Fox initiated this action on February 18, 2016. (ECF No. 1.) On August 25, 2016, his complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim. (ECF No. 6.) His first amended complaint, filed February 16, 2017, is before the Court for screening. (ECF No. 7.)

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted,"

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff's complaint is brief and his factual allegations cursory. Briefly stated, Plaintiff alleges that he was wrongfully terminated by Defense Logistics Agency for being absent without leave. Copies of an agency decision attached to the complaint reflect that Plaintiff believes his dismissal was due to discrimination based on race, sex, age, and disability. He also appears to contend that he was harassed due to unspecified whistleblowing activity.

**IV.    Analysis**

Plaintiff's factual allegations are insufficient to state a claim. The Court will provide Plaintiff with the legal standards applicable to what appear to be his intended claims. However, Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678. Here, Plaintiff

provides no factual details to support his claim that his dismissal resulted from discrimination, nor does he describe the alleged harassment he suffered as a result of alleged whistleblowing activity. Plaintiff's conclusory statements are insufficient and the mere attachment of any agency decision does not meet applicable pleading standards. Fed. R. Civ. P. 8(a).

Plaintiff will be given **one final opportunity** to amend his complaint to state facts supporting a cognizable cause of action. Failure to cure defects noted in this order will result in a recommendation that the action be dismissed.

### A.     Title VII

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a).

To prevail on a Title VII claim for disparate treatment, the plaintiff must prove that an adverse employment action was taken "because of" unlawful discrimination. Costa v. Desert Palace, Inc., 299 F.3d 838, 857 (9th Cir.2002). Title VII disparate-treatment claims "require the plaintiff to prove that the employer acted with conscious intent to discriminate." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805-06 (1973). to establish a prima facie case of disparate treatment, the plaintiff must show that (1) he belongs to a protected class, (2) he performed according to his employer's legitimate expectations, (3) he was subjected to an adverse employment action, and (4) similarly situated individuals outside his protected class were treated more favorably. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir.1998) (internal citations omitted).

Title VII's general prohibition against discrimination also extends to harassment claims. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998); Manatt v. Bank of America, 339 F.3d 792, 798 (9th Cir. 2003); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995). Harassment that is so "severe or pervasive" as to "'alter the conditions of [the victim's] employment and create an abusive working environment'" violates Title VII. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). To

establish a prima facie case for a Title VII hostile workplace claim premised upon racial or sexual harasasment, a plaintiff must establish: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

### B. Age Discrimination in Employment Act

The Age Discrimination in Employment Act ("ADEA") makes it unlawful "to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff pursuing an ADEA claim must first establish a prima facie case of age discrimination by "demonstrating that he was (1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise 'giving rise to an inference of age discrimination.'" Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000)).

The elements of a prima facie case for an ADEA harassment claim are the same as those under Title VII: (1) that he was subjected to verbal or physical conduct because of his age, (2) that the conduct was unwelcome, and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. See Freitag v. Ayers, 468 F.3d 528, 539 (9th Cir. 2006); Hardage v. CBS Broad., Inc., 427 F.3d 1177, 1187 (9th Cir. 2005).

### C. Rehabilitation Act

The Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701 et seq., prohibits discrimination on the basis of disability by various federal agencies, contractors and recipients of federal funds and makes Title VII rights and remedies available to a person

1 complaining of employment discrimination on the basis of disability. See Boyd v. U.S.
2 Postal Serv., 752 F.2d 410, 412-13 (9th Cir. 1985); 29 U.S.C. § 791(a)-(b).

"To state a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007) (citing Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1058 (9th Cir. 2005). The Americans with Disabilities Act, whose standards of substantive liability are incorporated in the Rehabilitation Act, defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)). 42 U.S.C. § 12102(1); Walton, 492 F.3d at 1005.

While, the Ninth Circuit has yet to recognize harassment claims under the Rehabilitation Act or Americans with Disabilities Act, some courts have recognized such a claim based on analogous Title VII analysis. Ostrofsky v. Dep't of Rehab., No. CIV S-07-0987MCEEFBP, 2009 WL 3011578, at *7 (E.D. Cal. Sept. 17, 2009), report and recommendation adopted, No. CIV S–07–0987 MCE EFB PS, 2009 WL 3623203 (E.D. Cal. Oct. 29, 2009) (collecting cases). Thus, such a claim, if properly pled, may be held cognizable at the pleading stage. Id.; see also Fowler v. Potter, No. C 06–04716 SBA, 2008 WL 2383073, 5–6 (N.D. Cal. 2008) (recognizing claim for hostile work environment under the Rehabilitation Act, but finding that plaintiff failed to exhaust administrative remedies).

The elements of a harassment claim under the Rehabilitation Act therefore would follow those required under Title VII, and a plaintiff would be required to show that: he is a qualified individual with a disability under the Rehabilitation Act; (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the

conditions of his employment and to create an abusive working environment; and (5) that defendant knew or should have known of the harassment and failed to take prompt effective remedial action. Ostrofsky, 2009 WL 3011578, at *8 (quoting McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 563 (5th Cir. 1998)).

### D. Whistleblower Protection Act

It appears that Plaintiff may wish to bring a claim under the Whistleblower Protection Act ("WPA"). In relevant part, the WPA prohibits an employer from taking personnel action against an employee because of "any disclosure" by the employee that the employee believes evidences a violation of law, rule, or regulation, or gross mismanagement, waste of funds, abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); see also Coons v. Sec'y of U.S. Dep't of Treasury, 383 F.3d 879, 888 (9th Cir. 2004). The Merit Systems Protection Board ("MSPB") has original jurisdiction over WPA claims. Kerr v. Jewell, 836 F.3d 1048, 1058 (9th Cir. 2016), cert. denied sub nom. Kerr v. Haugrud, 137 S. Ct. 1365 (2017). Such claims thus cannot be pursued in this court without first being presented to the MSPB. Id.

### V. Conclusion and Order

Plaintiff's complaint must be dismissed for failure to state a claim and failure to meet the requirements of Federal Rule of Civil Procedure 8. The Court will grant Plaintiff **one final opportunity** to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend;
2. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
3. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: July 13, 2017                              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE