|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KEITH ANDERSON FOX,<br><br>Plaintiff,<br><br>v.<br><br>HONORABLE ASHTON B. CARTER,<br><br>Defendant. | CASE NO. 1:16-cv-00223-DAD-MJS<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM (ECF No. 10)**<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Keith Anderson Fox initiated this action on February 18, 2016. (ECF No. 1.) On August 25, 2016, his complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim. (ECF No. 6.) On February 16, 2017, he filed his first amended complaint. (ECF No. 7.) On July 14, 2017, his first amended complaint was dismissed on the same grounds as the original complaint. (ECF No. 8.) Plaintiff was provided detailed legal standards applicable to his claims and was again given leave to amend. On August 25, 2017, Plaintiff filed a letter stating, in its entirety, as follows: "I Keith Fox would like to continue with case base on a ruling that for me that I was [illegible] for desiability on Jun 2014 and [illegible] and on the EEO report"

(ECF No. 9.) Because the letter failed to address applicable pleading standards, the undersigned issued findings and recommendations to dismiss the action without further leave to amend. (ECF No. 10.) Plaintiff filed objections. (ECF No. 11.)

In his objections, Plaintiff states that there was an "agreement" at an EEO hearing that he was discriminated against based on disability, and that he was awarded "back pay work" and an opportunity for retraining and reinstatement. (ECF No. 11.) While these allegations are insufficient, standing alone, to state a cognizable claim, they do suggest that Plaintiff may be able to state a cognizable claim if provided leave to amend. Accordingly, the Court will vacate its prior findings and recommendation.

Plaintiff will be given **one final opportunity** to amend his complaint to state a cognizable claim to include providing a summary of the facts which give rise to his intended discrimination claim(s). He is not required to cite to legal authority or even include legal analysis. However, he must state sufficient **facts** for the Court to determine whether he states a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Plaintiff should therefore focus his efforts on explaining what action was taken against him, by whom, and why he believes it was discriminatory. Absent such facts, the Court will again recommend that the action be dismissed without further leave to amend.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. In other words, the Court will not look to Plaintiff's prior pleadings to determine whether he states a cognizable claim.

The amended complaint must be filed within thirty days, be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendation filed September 6, 2017 are vacated;
2. Plaintiff is granted leave to file a second amended complaint within thirty days of the date of this order; and
3. If Plaintiff fails to comply with this order, the undersigned will recommend dismissal of the action.

IT IS SO ORDERED.

Dated:  November 15, 2017      /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE