| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KEITH ANDERSON FOX, | CASE NO. 1:16-cv-00223-DAD-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM** |
| v. | |
| HONORABLE ASHTON B. CARTER, | **(ECF No. 13)** |
| Defendant. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff Keith Anderson Fox initiated this action on February 18, 2016. (ECF No. 1.) On August 25, 2016, his complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim. (ECF No. 6.) On February 16, 2017, he filed a first amended complaint. (ECF No. 7.) On July 14, 2017, that first amended complaint was dismissed on the same grounds as the original complaint. (ECF No. 8.) Plaintiff was advised of detailed legal standards applicable to his claims and again given leave to amend.

On August 25, 2017, Plaintiff filed a letter stating, in its entirety: "I Keith Fox would like to continue with case base on a ruling that for me that I was [illegible] for desiability

on Jun 2014 and [illegible] and on the EEO report" (ECF No. 9.) Because the letter failed to address applicable pleading standards, the undersigned issued findings and recommendations to dismiss the action without further leave to amend. (ECF No. 10.) Plaintiff filed objections. (ECF No. 11.)

In his objections, Plaintiff stated that there was an "agreement" at an EEO hearing that he was discriminated against based on disability, and he was awarded "back pay work" and an opportunity for retraining and reinstatement. (ECF No. 11.) Considering that such allegations suggested a possibility Plaintiff might be able to state a cognizable claim, the Court vacated its prior findings and recommendation and granted Plaintiff an opportunity to file a second amended complaint. (ECF No. 12.)

Plaintiff filed his second amended complaint on December 21, 2017. (ECF No. 13.)

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for

vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cnty.</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u> Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. <u>Id.</u> at 677-78.

### III. Plaintiff's Allegations

Plaintiff's allegations, in their entirety, are as follows:

> I was terminated Jan 2015 an investigation was done DLAR-0015-0091 and I was found not guilty of all charges and was amitted [sic] on record I was discrimination based on deisiability. [sic]
>
> ….
>
> The relief was for me to get back pay, retraining, return back to work.

(ECF No. 13 at 5-6.)

### IV. Discussion

Plaintiff has been advised of the legal standards and pleading requirements applicable to what appear to be his intended or potential claims. (ECF No. 8.) He further

3

has been advised on multiple occasions that he must provide some facts to support his claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678 (2009). Here, the Court has no facts before it to suggest who discriminated against Plaintiff, in what way, and why Plaintiff believes the discrimination was based on disability. Notwithstanding Plaintiff's claim that the decision in DLAR-0015-0091 was in his favor, a previously presented a copy of that decision shows a result not in his favor. Indeed, the hearing officer concluded Plaintiff had failed to show he was discriminated against. (ECF No. 7 at 11.) Moreover, the decision does not provide sufficient detail regarding Plaintiff's allegations to allow the Court to divine a factual basis for his claim. The decision ultimately does not aid the Court in determining whether Plaintiff has a cognizable claim.

Once again, the Court concludes that Plaintiff has failed to meet the requirements of Federal Rule of Procedure 8(a) and has failed to state a claim. Plaintiff has been given the applicable pleading standards and multiple opportunities to cure identified defects. He has failed to do so. Further leave to amend appears futile and should be denied.

**V.     Conclusion and Recommendation**

It is HEREBY RECOMMENDED that the action be dismissed with prejudice for failure to comply with Rule 8(a) and failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 3, 2018   /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE